PER CURIAM.
This case concerns the real estate tax assessment of a parcel of largely undeveloped land, designated Block 4801, Lot 1, in the Borough of Fort Lee. The property is owned by plaintiff, Owners Maintenance Corporation (“OMC”). In 2001, the assessment was increased from $18,084,200 to $86,610,000. Eventually, OMC sought relief from the increase in the Tax Court. Both sides *650 moved for summary judgment, and the Tax Court granted the Borough’s motion for summary judgment, thereby affirming the assessment. OMC appeals, and we affirm.
There is no dispute about the material facts. In 1987, the Borough agreed to make zoning changes to allow OMC to build residences and office buildings on the property. And in 1994 and 1995, the Borough adopted ordinances creating a Plan Unit Development zone for the property. At the same time as the second ordinance was adopted, the Borough adopted Ordinance 95-27, which vacated certain public streets to enable the development, and further provided as follows:
This ordinance shall take effect upon the completion of a traffic signal improvement and approval of same by the New Jersey Department of Transportation, and upon the dedication of Martha Washington Way to the Borough of Fort Lee as a public street and the acceptance of same by the Borough (Emphasis added.)
In March 2000, OMC dedicated Martha Washington Way to the Borough, and in February 2001, the assessor increased the assessment to $36,610,000. On March 19, 2001, the Bergen County Tax Board directed the Borough “to rollback all the assessments that were changed in 2001 to the October 1, 1999 assessments with certain exceptions, such as, added and omitted assessments ... zoning changes and sub-divisions, etc.” (Emphasis added.)
The Tax Court held that the Tax Board’s order was not applicable to OMC’s property because the re-assessment was based on a zoning change that became effective when OMC dedicated Martha Washington Way to the Borough. After carefully considering the record and briefs, we are satisfied that all of OMC’s arguments are without sufficient merit to warrant discussion in a written opinion, R. 2:11-3(e)(1)(E). We affirm substantially for the reasons expressed by Judge Pizzuto in his oral opinions of February 20 and May 28, 2004. Nevertheless, we add the following comments.
As noted by the Judge Pizzuto, the Board of Taxation’s directive specifically excluded from its roll-back order assessments based on zoning changes. Since the zoning change adopted in 1994 and 1995 did not become effective until the dedication of Martha Washington Way, which occurred in 2000, the assessor’s *651 action did not violate the roll-back order. That dedication made the property ready for commercial development, thereby substantially increasing its value. An assessor is required to review assessments annually and be alert to “changed valuation factors” affecting individual properties. Tri-Terminal Corp. v. Edgewater, 68 N.J. 405, 413-14, 346 A.2d 396 (1975), cert. denied, 425 U.S. 958, 96 S.Ct. 1739, 48 L.Ed.2d 203 (1976). Furthermore, “adjusting an assessment [of a taxed property] for legitimate reasons is an appropriate exercise of the assessor’s statutory obligation and is not arbitrary or discriminatory.” Regent Care Ctr., Inc. v. Hackensack City, 362 N.J.Super. 403, 417, 828 A.2d 332 (App.Div. 2003). Therefore, the assessor’s conduct in this case cannot be faulted.
OMC contends that the zoning change occurred in 1994 or 1995. Although we disagree with that point, were it the case all that need be said here is that OMC obtained a benefit during the intervening years to which it was not entitled. There is no law prohibiting an assessor from correcting past mistakes by a proper increase in the assessment of a property. Moreover, the roll-back order’s list of exceptions was not exclusive. It merely gave examples of circumstances beyond the order’s intended reach. And this circumstance, if viewed as a correction of a past error, certainly falls outside the order, which was concerned with a general roll-back for the Borough.
Affirmed.